

POLICE DEPARTMENT
LEGAL BUREAU
BODY WORN CAMERA UNIT
375 PEARL STREET - BOX 39
NEW YORK, N.Y. 10038

August 12, 2022

**By ECF and Regular Mail**
Hon. Paul A. Crotty
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *NYPD v. Andre Walters*, 22-MC-219

Dear Judge Crotty,

I write on behalf of the New York City Police Department (the "NYPD") to respectfully move to two quash two Rule 17 subpoenas (the "Subpoenas") served by Defendant Andre Walters ("Walters") in criminal case *U.S. v. Walters*, 22-CR-380 (PAC). The Subpoenas should be quashed for the following reasons: First, Walters cannot show that the materials sought are relevant, as they relate to an uncharged June 27, 2022 shooting (the "Shooting").[1] Second, if charges are brought, the materials will later be produced by the Government in discovery. Finally, some of the materials are statutorily barred from being subpoenaed.

Rule 17 subpoenas are used to obtain admissible evidence, not to substitute for discovery. *U.S. v. Barnes*, 560 F. App'x 36, 39-40 (2d Cir. 2014) *cert. denied*, 134 S. Ct. 2715, 189 L. Ed. 2d 754 (2014). Under Rule 17(c)(2), a subpoena may be quashed if compliance would be "unreasonable or oppressive." The party who served the subpoena " . . . must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *Id*.

Walters cannot meet his burden to show that the Subpoenas seek relevant materials, since he is only requesting documents relating to the uncharged Shooting. Indeed, the Shooting did not

---

[1] The Subpoenas are attached as Exhibits A and B. The various documents sought related to the Shooting include, but are not limited to, body-worn camera footage, as well as complaint, DD5 [detective's notes], and lab reports.

1

even serve as the basis for the probable cause of Walters' arrest and the search which resulted in the firearm at issue being found. (Complaint, ¶¶ 1, 6.) Walters may argue that the Shooting served as a basis for his having been remanded. However, a Rule 17 subpoena must still be relevant to the charged conduct for which the Defendant will be brought to trial.[2]

Walters also cannot show that the materials " . . . are not otherwise procurable reasonably in advance of trial by exercise of due diligence . . ." to the extent that the materials sought would later be produced to him by the Government, if he is charged with the Shooting. *U.S. v. Nixon*, 418 U.S. 683, 699 (1974). The Subpoenas constitute an impermissible end-run around the normal criminal discovery process under Rule 16, *Giglio*, *Brady*, *Jencks*, and/or 18 U.S.C. 3500. *See U.S. v. Shah*, 2022 U.S. Dist. LEXIS 78360, *5-6, 2022 WL 1284550 (SDNY April 29, 2022) (" . . . Rule 16—and not a Rule 17(c) subpoena—is the proper vehicle by which to obtain . . . [discoverable information under Rule 16.]"); *U.S. v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 514 (SDNY 2013) (quashing subpoena on NYPD in part because the Government represented that it had been complying with its *Brady* obligations and would continue to comply with its Brady obligations should more material become available).[3]

For the avoidance of doubt, the USAO, not the NYPD, is in the best position to determine whether these materials are in its possession and should otherwise be discoverable. Even if the USAO's investigation is not yet at a point where these materials are in the USAO's possession

---

[2] Indeed, the whole point of a Rule 17 subpoena is to " . . . expedite the **trial** . . ." not the bail proceeding. *Bowman Dairy Co. v. U.S.*, 341 U.S. 214, 220 (1951) (emphasis added). *See also U.S. v. Nixon*, 418 U.S. 683, 699 (1974) ("Under this test, in order to require production prior to trial, the moving party must show . . . that the party cannot properly prepare for **trial** without such production . . .") (emphasis added); *U.S. v. Ulbricht*, 858 F.3d 71, 109 (2nd Cir. 2017) ("[Rule 17] . . . allows parties to subpoena documents and objects to be **introduced at criminal trials**." (emphasis added); *U.S. v. Donziger*, 2021 U.S. Dist. LEXIS 88700, *12, 2021 WL 1865376 (SDNY May 9, 2021) ("Whether production at . . . [trial] is proper . . . will depend on whether the evidence sought is relevant to the **substantive charges** . . . [that the Defendant is facing].") (emphasis added).

[3] *See also U.S. v. Robinson*, 2017 U.S. Dist. LEXIS 55199, *9, 2017 WL 1331274 (EDNY April 10, 2017) ("As the police reports sought in the subpoenas are subject to discovery, *Giglio*, *Brady*, *Jencks*, and Section 3500, the documents sought . . . [are 'otherwise procurable' under *Nixon*.]") (quashing subpoenas on Nassau and Suffolk County Police Departments).

by virtue of the NYPD, Walters should not take advantage of this before the USAO has had a reasonable chance to investigate and charge him with the Shooting. Since the Shooting remains uncharged, the mere possibility that the materials will likely later come under the possession, custody, or control of the USAO should be enough for the material to be deemed otherwise procurable in advance of trial under *Nixon*.[4]

Finally, the Subpoenas seek materials that may be statutorily barred from being subpoenaed. The reports sought cannot be obtained from the NYPD under Rule 16(a)(2). *See U.S. v. Mendinueta-Ibarro*, 956 F.Supp.2d at 514. Moreover, the material may contain statements by witnesses. Such statements cannot be subpoenaed. *See* 18 U.S.C. § 3500(a) (forbidding statements or reports of prospective witnesses in the Government's possession to be subpoenaed until direct examination at trial); Rule 17(h) (statements of witnesses of prospective witnesses may only be subpoenaed pursuant to Rule 26.2); Rule 26.2 (stating that such statements may be subpoenaed only after witness has testified). As argued further above, it is ultimately the Government's determination whether the materials sought fall under these categories, but, to the extent that aforementioned rules require the Government to possess such documents, Walters should not be able to take advantage of that fact before he has been charged.

For the aforementioned reasons, the Subpoenas should be quashed.

Respectfully submitted,

                                        /s/   John Whelan
                                        John F. Whelan, Esq.
                                        Agency Attorney
                                        Body-Worn Camera Unit, Legal Bureau
                                        New York City Police Department
                                        Tel. (Main): (646) 610-5001
                                        E-mail: john.whelan@nypd.org

---

[4] Since materials in the NYPD's possession have been found to be in the possession of the USAO in other cases, there is little doubt that such will eventually become the case here. *See U.S. v. Mendinueta-Ibarro*, 956 F.Supp.2d at 514 (NYPD officers were considered "other government agent[s]" under Fed. R. Crim. P. 16(a)(2))

3

CC (by e-mail and regular mail):
Marne Lynn Lenox
Federal Defenders of NY, Inc.
52 Duane St., Ste 10th Fl.
New York, NY 10007
E-mail: marne_lenox@fd.org
*Attorney for Defendant Andre Walters*

Nicholas W. Chiuchiolo
Assistant United States Attorney
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
E-mail: nicholas.chiuchiolo@usdoj.gov